Mr. Justice Colcock
delivered the opinion of the court:
The first point to be decided ill this case is, whether the indorsement of a note, payable to bearer, creates a legal liability in the indorser to pay the note, and on this point I am satisfied ; for the note was negotiable in its nature, and although it would pass by delivery, without indorsement, yet if one choose to put his hand on it, it shews that it passed from him, and is a new bill to pay to the bearer; (Z Johnson’s Rep. 439. Lovelass On Exchange 40 ; Maxwell On Bills, 48.) The action then could be maintained on this indorsement ; and the next questions are¿ should not the question of diligence and the alleged fraud in the obtaining and using the indorsement been left to the jury for their determination, and on them think there can be no doubt ? Whether there was any. artifice *390 used to got the indorsement, or if it was made under such circumstances as would not render the indorser liable, were facts that ought to have gone to the jury. (See 2 Const. Rip. 33, Reyal vs. Davidson.) And in the same manner, the question of diligence which may depend not only on the distance .at which the parties reside, but a variety of other circumstances should have also been left to the jury. The non-suit was improperly ordered, and the motion is therefore granted.
Levy 8? Me Willie, for the motion.
Carter, contra.
Justices Johnson, Huger, Richardson and Nott, concurred.